UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Ward,

            Petitioner,           **MEMORANDUM OPINION
AND ORDER**

v.                                   Civil No. 08-837 ADM/JJK

Warden Duke Terrell,

            Respondent.

_____

James Ward, pro se..

Erika R. Mozangue, Esq., Assistant United States Attorney, Minneapolis, MN on behalf of Respondent.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge to consider Petitioner James Ward's ("Ward") Objections [Docket No. 13] to Magistrate Judge Jeffrey J. Keyes's Report and Recommendation ("R&R") [Docket No. 12]. Ward petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, moves for a Default Judgment [Docket No. 7], and requests an opportunity to amend his habeas petition by adding Exhibit J [Docket No. 11]. For the reasons set forth below, the Objections are overruled and the R&R is adopted.

## II. BACKGROUND

Ward is confined at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester"). Norenberg Decl. [Docket No. 6] ¶ 3. He was convicted of the charge of felon in possession of a firearm and sentenced to a 180-month term. Id. On April 23, 2006, a FMC Rochester staff member observed Ward tattooing another inmate with a tattoo gun. Id. Ex. B at

3. Ward was charged with violating FMC Rochester rules prohibiting inmates from possessing a hazardous tool, being in an unauthorized area, and tattooing/self-mutilation. Id. at 5. He admitted that he had committed the prohibited acts but objected to the hazardous tool charge. Id. at 3.

Prior to the May 2, 2006 disciplinary hearing date, Ward was advised of the charges against him and his rights regarding the hearing. Id. at 9, 10. The Discipline Hearing Officer ("DHO") considered the incident report in which Ward had admitted to possessing the tattoo gun, as well as the photographs of the tattooing equipment and tattoos on the other inmate's body Id. at 3, 7, 8. The DHO found Ward guilty of all three offenses and imposed a sentence that included the loss of good time credit. Id. at 3. With respect to the charge of possessing a hazardous tool, the DHO stated the tattoo gun constituted a hazardous tool because it "has the potential to penetrate a staff member's skin while conducting routine searches, creating an increased probability of injury, and a direct risk to the personal safety and health of the staff member." Id.

Ward appealed the DHO's determination through the appropriate prison processes, and the procedural history of those proceedings is throughly documented in Judge Keyes's R&R. In these proceedings, Ward argued that inmates never received notice that the possession of a tattoo gun would be charged as possession of a hazardous tool. Id. Ex. C at 11-12. The Administrator National Inmate Appeals rejected Ward's appeal and upheld the decision of the DHO. Id. at 13. Ward filed this petition on March 24, 2008, requesting that the hazardous tool violation be removed from his record and the lost good time credit be restored. Habeas Petition [Docket No. 1] at 5. The Respondent filed an answer to the petition on April 25, 2008. Response [Docket

No. 5]. On May 7, 2008, Ward filed a Motion for Default Judgment because he had not received the Response. Then on July 15, 2008, he filed a Motion to Amend the Petition for Habeas Corpus and Add Exhibit J in which he seeks to introduce evidence that another inmate received a less severe charge for possessing tattooing needles than Ward.

On September 26, 2008, Judge Keyes recommended that Ward's Motion for Default Judgment be denied, the Motion to Amend and Add Exhibit J be denied as moot, and the Petition for Writ of Habeas Corpus be dismissed. Ward filed Objections on October 17, 2008 to Judge Keyes's recommendation that the Motion to Amend and the Petition for Writ of Habeas Corpus be denied; he did not, however, object to the recommendation that the Motion for Default Judgment be denied.

### III. DISCUSSION

Ward first argues that his punishment violates his due process rights because it was not determined by an impartial decision maker. To support his argument, he cites Espinoza v. Peterson, 283 F.3d 949 (8th Cir. 2002). Espinoza holds that an inmate's due process rights include: (1) advance written notice of the charges, (2) an opportunity to call witnesses and present evidence, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action supported by some evidence in the record. See id. at 952 (citing Superintendent v. Hill, 472 U.S. 445, 454 (1985)). Implicitly included in these rights, and explicitly recognized by other courts, is the right to be heard by an impartial decision maker. Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007). Ward points to no specific evidence of bias by the DHO short of broad allegations that a DHO cannot fairly consider evidence presented by fellow prison staff members. Because there is no evidence of bias on the part of the DHO,

this objection has no merit.  See Payne v. Martinez, No. Civ. 05-4085, 2006 WL 571853, at *3 (D.S.D. March 6, 2006).

    Ward next argues that there is no evidence to support the DHO's determination that he was in possession of a hazardous tool.  As Judge Keyes explained in the R&R, the DHO must have some evidence to support this determination.  Espinoza, 283 F.3d at 952.  There was some evidence to support this determination, including the incident report and Ward's admission that he possessed the tattoo gun.  Ward claims that since there is a specific code violation for tattooing or self-mutilation, he could be charged only for that code violation and not the possession of a hazardous tool violation.  Objections at 2.  Ward's argument fails for two reasons.  First, the DHO's explanation of the risks to staff posed by a tattoo gun is evidence that the tattoo gun was potentially dangerous and thus constituted a hazardous tool.  Second, prison staff has discretion to charge inmates with any appropriate code violation for the purpose of promoting a safe and orderly institutional environment as long as they do so in an impartial and consistent manner.  See 28 C.F.R. § 541.10(b)(2) & (3).

    Ward's remaining objections are all based on his argument that FMC Rochester has a practice of giving prior written notice when it changes policy on how inmates will be charged.  He claims his possession of a tattoo gun violation was charged at a higher level than other inmates who possessed a tattoo gun in the past.  Ward presents evidence that FMC Rochester has provided written notice to inmates when changing the charging level of an offense.  Objections Ex. C.  He also presents evidence that at least one DHO officer has decreased the charging level of some violations in situations where the prison population had not been informed of the increased level of the charges.  Id.  Ex. D.  But Ward has presented no evidence that the

possession of a tattoo gun was charged at a lower level in the past. Although the motion seeking to add Exhibit J appears to be an attempt to introduce such evidence, Exhibit J fails to support Ward's argument.

Exhibit J is an incident report concerning another inmate who was found to be in possession of tattoo needles. The incident at issue in Exhibit J took place on June 19, 2008, more than two years after Ward was found with the tattoo gun. Thus, it does nothing to demonstrate a *previously* lower charging level for tattoo guns. Additionally, the incident involved tattoo needles, not a tattoo gun. If anything, Exhibit J supports Respondent's position that the charging level is left to the discretion of the prison staff based on differences in situations (i.e. tattoo gun versus tattoo needles). Ultimately, Exhibit J provides no support for Ward's contention that the prison charged possession of a tattoo gun as a lower offense at some point in the past and then failed to inform him about a change to a higher charging standard. For these reasons, Ward's objections are overruled.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 12] is **ADOPTED**;

2. The Objections [Docket No. 13] are **OVERRULED**;

3. Petitioner's Motion for Default Judgment [Docket No. 7] is **DENIED**;

4. The Petition of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DISMISSED**; and

5. The Motion to Amend Petition of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Add Exhibit J [Docket No. 11] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 17, 2008.